IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-20-211 |
| WILLIE BLAND, | * | |
| Defendant. | * | |

**MEMORANDUM**

Willie Bland is serving an 84-month sentence in federal prison for conspiracy to distribute and possess with intent to distribute cocaine and distribution of cocaine. He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.     Background**

On October 2, 9, and 24 and November 21, 2019, Bland sold a total of approximately 61.922 grams of cocaine hydrochloride to an undercover agent. ECF 8-1, at 1. He told the agent that he had purchased drugs from his source of supply more than 20 times, usually in quantities from 14 to 112 grams. *Id.* at 2. On December 5, 2019, Bland was arrested at the location where he had agreed to meet the undercover agent to sell the agent another $5,000 of cocaine and a quarter pound of marijuana. *Id.* A search of Bland's apartment yielded 82 grams of marijuana and digital scales and bowls used to package drugs for sale. *Id.*

On September 3, 2020, Bland pled guilty to Counts One and Two of the Information, which charged him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF 1, 7. On June 7, 2022, Bland was sentenced to 84 months' imprisonment on Counts One and Two, to run concurrently, followed by one year of supervised release. ECF 33.

On October 14, 2022, Bland filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because of the pandemic and his health conditions, which he believes "leave him more likely to suffer and/or die from contracting COVID-19." ECF 45, at 1. The Federal Public Defender declined representation. ECF 50. The government opposed his motion. ECF 53.

Because Bland has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

## II. Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death

from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Bland argues that the pandemic is an extraordinary and compelling reason for a reduction in sentence. Bland contends that he "is at high risk [of contracting and dying from COVID-19] due to his health ailments and . . . the close proximity of inmates in the B.O.P. and a number of positive COVID cases at F.C. I. Cumberland," where he is housed. ECF 45, at 1. He asserts that he has asthma and a seizure disorder and is obese. *Id.* Bland does not provide any documentation of the severity of his conditions to show they place him at an increased risk of severe illness from the

3

coronavirus. Moreover, while COVID-19 still poses a health risk, the pandemic has ended. The pandemic and Bland's health conditions do not warrant a reduction in his sentence.

Bland also argues that his sentence should be reduced because he has participated in several programs while incarcerated. ECF 45, at 2. His participation in prison programs and possible rehabilitation are not extraordinary or compelling reasons for compassionate release. U.S.S.G. § 1B1.13(d) (providing "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement").

Bland has not shown an extraordinary and compelling reason for compassionate release.

### III.     Conclusion

Because Bland has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

January 16, 2025
Date

Deborah L. Boardman
United States District Judge